FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 08, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JESUS M.,

    Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.

No. 1:18-CV-03195-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. §§ 405(g), 1383(c), of the Commissioner of Social Security's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

informed. For the reasons set forth below, the Court **GRANTS** Defendant's

Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary

Judgment.

## I.     Jurisdiction

Plaintiff filed his application for Supplemental Security Income on February

12, 2011. AR 83-84. He alleged a disability onset date of September 25, 2007. AR

191. Plaintiff's applications were initially denied on July 1, 2011, AR 124-32, and

on reconsideration on September 20, 2011, AR 136-43.

Administrative Law Judge ("ALJ") Cheri L. Filion held a hearing on

January 23, 2013 and heard testimony from Plaintiff and vocational expert Trevor

Duncan. AR 35-64. On February 19, 2013, the ALJ issued a decision finding

Plaintiff ineligible for disability benefits. AR 19-30. The Appeals Council denied

Plaintiff's request for review on August 8, 2014. AR 1-5. Plaintiff sought judicial

review by this Court on October 7, 2014. AR 421-23. This Court remanded the

matter back to the Commissioner following a Stipulated Motion for Remand. AR

431-36.

A second hearing was held before the same ALJ on February 23, 2016, and

she took testimony from Plaintiff, Plaintiff's mother, and vocational expert

Kimberly Mullinax. AR 344-93. On July 13, 2016, the ALJ issued an unfavorable

decision. AR 305-21. The Appeals Council did not assume jurisdiction pursuant to

20 C.F.R. § 416.1484. Therefore, Plaintiff requested judicial review by this Court on September 19, 2016. AR 755. The matter was remanded back to the Commissioner following a Stipulated Motion for Remand. AR 759-60.

The case was assigned to ALJ Tom L. Morris, who held a hearing on March 15, 2018. AR 694-729. He heard testimony from Plaintiff and vocational expert Meryl Cohen. *Id*. At this hearing, Plaintiff requested a closed period of disability from February 12, 2011 through July 31, 2017. AR 707. The ALJ issued an unfavorable decision on August 6, 2018. AR 669-81. The Appeals Council did not assume jurisdiction pursuant to 20 C.F.R. § 416.1484. Therefore, Plaintiff requested judicial review by this Court on October 9, 2018. ECF Nos. 1, 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education,

and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. § 416.972. If the claimant is engaged in substantial activity, he is not entitled to disability benefits. 20 C.F.R. § 416.971. If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe

impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. § 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the

Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover,

a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 22 years old on the amended date of onset. AR 191. When he applied for benefits, the alleged conditions limiting his ability to work included attention deficit hyperactive disorder (ADHD)/attention deficit disorder (ADD), that he could not stay on task, that he had poor concentration, that he could not follow written/spoken instructions, depression, anxiety, anger issues, bed wetting, a dog bite on the right leg, and a broken left hand. AR 207. The highest grade of school he completed was the sixth grade in 1995. AR 208. He alleged that he attended special education classes from kindergarten through the sixth grade. *Id*. At the March 15, 2018 hearing, Plaintiff stated that he finished up to the ninth grade, but "didn't really finish ninth grade." AR 696. At the time of application, Plaintiff stated he had never worked. AR 207. At the March 15, 2018 hearing, Plaintiff testified he had been working as a stacker at Borton Fruit for the past eight months. AR 699-700.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act since the application was filed on February 12, 2011. AR 669-81.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 12, 2011 (citing 20 C.F.R. § 416.971 *et seq.*), but acknowledged that he had been working full time since approximately July 2017. AR 671-72.

**At step two**, the ALJ found Plaintiff had the following severe impairments: ADD/ADHD, affective disorder, anxiety disorder, and substance abuse disorder (citing 20 C.F.R. § 416.920(c)). AR 672.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 672.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform work at all exertional levels with the following non-exertional limitations:

> This individual is capable of simple, routine tasks while doing unskilled work. He can have no contact with the general public for primary work tasks. He can have superficial interactions with the supervisor and co-workers. He can do no collaborative work tasks. He can have no changes to the work environment. He can do work where there is an emphasis on occupations duties dealing with things/objects rather than people. The individual can do no work at a production-rate pace (e.g., assembly line work as where the pace is mechanically controlled), but

can perform goal-oriented work or where the worker has more control over the pace. This individual may be off-task up to 10% over the course of an 8-hour work day.

AR 673. The ALJ found Plaintiff had no past relevant work. AR 679.

**At step five**, the ALJ found, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the jobs of general laborer, machine feeder, and industrial cleaner. AR 679-80.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to properly weigh the medical opinion evidence and (2) failing to properly consider Plaintiff's symptom statements.

## VII.    Discussion

**A. The ALJ properly weighed the medical opinion evidence.**

Plaintiff challenges the weight the ALJ gave to the opinions of Jesse McClelland, M.D., Mark Duris, Ph.D., Thomas Genthe, Ph.D., Janis Lewis, Ph.D., and James Bailey, Ph.D. ECF No. 11 at 13-20.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those

who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### 1. Jesse McClelland, M.D.

On June 10, 2011, Dr. McClelland completed a consultative examination of Plaintiff. AR 287-91. He diagnosed Plaintiff with major depressive disorder,

ADHD combined type, anxiety disorder, and cannabis dependence in full sustained

remission. AR 290. Dr. McClelland stated that Plaintiff "has some baseline

problems with his cognitive capabilities and may have a level of intellectual

functioning which is not entirely explained by his attention deficit hyperactivity

disorder based on the cognitive exam today." *Id*. When discussing prognosis, he

opined that "[i]f he does not receive treatment for his psychiatric problems his

prognosis is poor." AR 290. He provided the following functional limitations:

> The claimant would not be capable of managing his own funds due to his history of problems with attention deficit hyperactivity disorder as well as substance abuse issues.

> The claimant should be able to perform simple and repetitive tasks.

> He may struggle with detailed and complex tasks due to cognitive problems he has associated with the depression and anxiety.

> He may struggle to accept instructions from supervisors for these reasons but also because he seems to have somewhat of an oppositional attitude which affects his ability to work with authority figures.

> He may struggle to interact with coworkers and the public also because of his oppositional attitude.

> He may struggle to perform work activities on a consistent basis without special or additional instruction. He would likely require additional training prior to stating any job.

> He may struggle to maintain regular attendance in the workplace. He does not seem to do anything on a regular basis so this is difficult to judge. He does not seem to have significant impairment in ability to make it to appointment and had significant tardiness issues in school.

> He would likely struggle to deal with the usual stress encountered in

the workplace as he has very poor coping skills which as lead to him being involved in frequent arguments in the past.

AR 291.

The ALJ gave the opinion "very limited weight" for four reasons: (1) Dr. McClelland made no mention of Plaintiff's use of alcohol and illicit drugs; (2) the term "may struggle" is vague; (3) Plaintiff demonstrated an ability to sustain work activity in 2017 and (4) Plaintiff's testimony contradicted Dr. McClelland's limitations in social functioning. AR 676.

The ALJ's first reason for rejecting Dr. McClelland's opinion, that he made no mention of Plaintiff's alcohol and illicit drug use, is specific and legitimate. Plaintiff's alcohol and drug use is central to the ALJ's determination of non-disability as the ALJ is tasked with determining whether Plaintiff's alcohol or illicit drug use was a contributing factor material to his disability. 42 U.S.C. §§ 423(d)(2)(C) & 1382c(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The ALJ's second reason for rejecting Dr. McClelland's opinion, that his opinion that Plaintiff "may struggle" was vague, is also specific and legitimate. An ALJ may reject a medical opinion that includes "no specific assessment of [the claimant's] functional capacity." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Likewise, an ALJ can disregard a medical report that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude

work activity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly rejected a medical opinion that failed to explain the extent or significance of a condition). Here, the ALJ found "that 'may struggle' does not denote a preclusion, but rather some difficulties in the functional area opined." AR 676. Therefore, the ALJ's reason meets the specific and legitimate standard.

The ALJ's third reason for rejecting Dr. McClelland's opinion, that Plaintiff demonstrated an ability to sustain work activity in 2017, is not specific and legitimate. Dr. McClelland's opinion was penned in 2011, and it included the following prognosis: "If he does not receive treatment for his psychiatric problems his prognosis is poor." AR 290. Therefore, the fact that six years after his opinion, Plaintiff was capable of sustaining work activity at a substantial level is not sufficient to support rejecting the opinion. However, any error resulting from this reason would be harmless because the ALJ provided other specific and legitimate reasons for rejecting the opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

The ALJ's fourth reason for rejecting Dr. McClelland's opinion, that Plaintiff's testimony contradicted his opinion regarding social functioning, is not supported by substantial evidence. In reviewing Plaintiff's hearing testimony, he

stated that he had been written-up twice at work. AR 712. He confirmed he had

problems with supervisors and co-workers, stating when he felt like he was

disrespected, he responded "[w]ith fighting words." *Id*. Therefore, this reason was

not supported by substantial evidence. However, any error resulting from this

reason is harmless since the ALJ provided other legally sufficient reasons for

rejecting the opinion. *Tommasetti*, 533 F.3d at 1038.

**2. Mark Duris, Ph.D.**

Dr. Duris completed a Psychological/Psychiatric Evaluation form for the

Washington Department of Social and Health Services in June 2013. AR 564-70.

He opined that Plaintiff would have a moderate limitation in four basic work

activities. AR 58. He also stated the following:

> There is an admission that the aggressiveness is out of proportion to
> whatever stressors leading up to the outburst. He is viewed for this issue
> alone not to be fit for any work related environment at this time, unless
> it were one where he was provided close supervision and where he
> might work with others he knew well and respected.

AR 565-66.

The ALJ gave the opinion "some weight" for three reasons: (1) the opined

preclusion from work was premised on Plaintiff's mother's statements, (2) the

opined mild to moderate limitations would only last for four months, and (3)

Plaintiff's subsequent employment contradicted the opinion. AR 676-77.

The ALJ's first reason for rejecting the opinion regarding work preclusion,

that it was premised on Plaintiff's mother's statements, is specific and legitimate.

The ALJ pointed out that Dr. Duris' own findings were inconsistent with the

conclusion, and, therefore, it was premised on the Plaintiff's mother's statement.

AR 676. Plaintiff argues that the ALJ is precluded from disregarding the statement

because it was premised on what would appear to be subjective reports. ECF No.

11 at 16. However, the ALJ found that the preclusion from work due to the

aggressive responses was inconsistent with Dr. Duris' evaluation. AR 676. An ALJ

may cite internal inconsistencies in evaluating a physician's report. *Bayliss v.*

*Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Therefore, the Court will not

disturb the ALJ's treatment of Dr. Duris' opinion.

The ALJ's second reason for providing the opinion only "some weight," that

the limitations would only last four months, is specific and legitimate. Dr. Duris

stated that he expected Plaintiff's mild to moderate limitations to last four months

"with available treatment." AR 569. Plaintiff did not challenge this reason in his

briefing. ECF No. 11 at 16-17; *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533

F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit has explained the necessity

for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies
> on the advocates to inform the discussion and raise the issues to the
> court. Particularly on appeal, we have held firm against considering
> arguments that are not briefed. But the term "brief" in the appellate
> context does not mean opaque nor is it an exercise in issue spotting.
> However much we may importune lawyers to be brief and to get to the

point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2]

Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the Court declines to consider any challenge to this issue.

The ALJ's third reason for providing opinion only "some weight," that Plaintiff's subsequent employment contradicted the opinion, is not specific and legitimate. As the ALJ pointed out, the opined limitations were only expected to last four months. AR 569, 676. Therefore, the fact that Plaintiff worked nearly four years later does not render the opinion unreliable.

The ALJ also addressed the opinions of Nina Rapisarda, MSW and

_____

[2]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16**

Christopher Clark, M.Ed. and stated that Dr. Duris endorsed these opinions. AR 677. However, the signature of the provider endorsing the opinions of Ms. Rapisarda and Mr. Clark is followed by an "M.D.", AR 552, 559, and Dr. Duris has a Ph.D. AR 569. Therefore, the ALJ erred in connecting the opinions to Dr. Duris. However, Plaintiff did not raise this error in his briefing, and the reasons provided by the ALJ for rejecting the opinions "being contrary to the claimant's self-reported activities and Dr. Duris' own medical findings in June of 2013," AR 677, are sufficient to meet the specific and legitimate standard. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an opinion that is unsupported by the record as a whole or is inconsistent with the objective medical evidence are sufficient to uphold rejecting the opinion); *see also Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (concluding that claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition).

In conclusion, the Court will not disturb the ALJ's treatment of Dr. Duris' opinion.

**3. Thomas Genthe, Ph.D.**

In an undated Psychological/Psychiatric Evaluation, Dr. Genthe opined that Plaintiff had severe limitations in two basic work activities, a marked limitation in ten basic work activities, and a moderate limitation in the remaining two basic

work activities. AR 573-74.

The ALJ gave Dr. Genthe's opinions "little weight" because the opinion was inconsistent with Plaintiff's daily activities. AR 677. The ALJ found that the marked limitation in the ability to perform activities within a schedule and maintain regular attendance and the severe limitation in the ability to adapt to changes in a routine work setting were inconsistent with Plaintiff's reported activities to Dr. Genthe, which included that he scheduled his own appointments, was able to go shopping for necessary items, perform household chores, and complete his activities of daily living in a reasonable amount of time. *Id*. The ALJ further concluded that comparing these reports to Dr. Genthe with Plaintiff's other reported activities—including using Facebook, going to friends' houses, playing video games with friends, and eventually working full time—it was "difficult to concur with Dr. Genthe's opinions of 'severe' and 'marked' limitations." *Id*. A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *Curry*, 925 F.2d at 1130. Therefore, this meets the specific and legitimate standard.

### 4. Janis Lewis, Ph.D.

In June 2015, Dr. Lewis reviewed the opinions of Dr. Duris and Dr. Genthe and concluded that if Plaintiff "were to have aggressive treatment for ADHD and depression, along with job coaching, he may well be able to work within two

years." AR 579.

The ALJ gave Dr. Lewis' opinion "some weight" because two years after the opinion Plaintiff was able to maintain full-time employment. AR 677. Dr. Lewis was a non-examining psychologist, which means the ALJ was not required to provide specific and legitimate reasons for rejecting her opinion. However, the fact that Plaintiff was able to gain and maintain full-time employment in 2017 is not inconsistent with Dr. Lewis' opinion. Therefore, it is not a sufficient reason to reject her opinion. However, any error resulting from the ALJ failing to provide a reason for rejecting Dr. Lewis' opinion would be harmless because the opinion was premised on the opinions of Dr. Duris and Dr. Genthe, and the ALJ provided legally sufficient reasons for rejecting these opinions. *See Tommasetti*, 533 F.3d at 1038.

### 5. James Bailey, Ph.D.

On July 1, 2011, Dr. Bailey reviewed the medial evidence in the record at that time and opined that Plaintiff was capable of simple, routine tasks with adequate concentration, persistence, and pace. AR 94. He stated that sustained concentration, persistence, and pace may occasionally wane due to symptoms and Plaintiff may struggle to maintain regular attendance. *Id*. Dr. Bailey opined that Plaintiff would do best working away from the demands of the public and with superficial interactions with supervisors and coworkers. *Id.* He stated that Plaintiff

will do best with firm, fair supervision due to oppositional attitude. *Id*. Dr. Bailey opined that Plaintiff was able to respond appropriately to infrequent, simple, straightforward changes in the workplace. He stated that symptoms may interfere with Plaintiff's ability to always respond appropriately to changes that he perceives as personally negative. *Id*.

The ALJ gave Dr. Bailey's opinion "some weight" for two reasons: (1) Plaintiff has been able to arrive to appointments on time and maintain appropriate behavior and (2) Plaintiff was able to secure and maintain full-time employment. AR 678.

Dr. Bailey is a non-examining psychologist, which means the ALJ was not required to provide specific and legitimate reasons to reject any portion of his opinion. While the fact that Plaintiff returned to work in 2017 is not sufficient to support rejecting the opinion from 2011, *see supra*, Plaintiff's ability to arrive at appointments on time and maintain appropriate behavior is inconsistent with Dr. Bailey's statement that Plaintiff may struggle to maintain regular attendance. Therefore, this is sufficient for providing Dr. Bailey's opinion only "some weight."

In conclusion, the Court will not disturb the weight the ALJ provided the medical opinions.

///

///

**B. The ALJ did not err in finding Plaintiff's subjective complaints not entirely consistent with the evidence in the record.**

Plaintiff argues that the ALJ erred in evaluating his symptom statements. ECF No. 11 at 10-13.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti*, 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 27. Specifically, the ALJ provided three reasons

1  for rejecting Plaintiff's symptom statements: (1) the fact that Plaintiff worked full-

2  time starting in July 2017 demonstrated an ability to engage in regular competitive

3  work despite his mental limitations, (2) his self-reported activities were

4  inconsistent with his alleged severity of symptoms, and (3) Plaintiff had a history

5  of substance addiction disorder. AR 675.

6  ### 1. Work Activity

7  The ALJ's first reason for rejecting Plaintiff's symptom statements, that his

8  ability to work full time starting in July 2017 was inconsistent with his alleged

9  severity of symptoms, is not supported by substantial evidence.

10  The ALJ stated that Plaintiff's "current work does not require

11  accommodation, as none was alleged, demonstrating that the claimant has the

12  ability to engage in regular competitive work in a normal work environment

13  despite several mental limitations." AR 674. The medical evidence in the record

14  consistently states that Plaintiff could improve with treatment. AR 290 (Dr.

15  McClelland's opinion stating that "The claimant's problems are treatable."); AR

16  551 (January 10, 2011 opinion stating his impairments would last a maximum of

17  five years); AR 558 (January 2011 opinion stating his impairments would last at

18  least a year from the onset of treatment); AR 569 (Dr. Duris' 2013 opinion that the

19  limitations would last four months with treatment); AR 574 (Dr. Genthe's  opinion

20  that the intellectual limitations were indefinite, but the psychological limitations

would last six to nine months with treatment); AR 579 (Dr. Lewis' 2015 opinion

that the limitations would last two years). The ALJ failed to state how Plaintiff

working in July 2017 was inconsistent with his allegation that he was unable to

work from 2011 to 2017. *See* AR 707 (Plaintiff requested a closed period of

disability from February 12, 2011 to July 31, 2017). This demonstrates that the

ALJ's reason was not supported by the substantial evidence.

## 2. Self-Reported Activities

The ALJ's second reason for rejecting Plaintiff's symptom statements, that

his self-reported activities were inconsistent with the severity of symptoms alleged,

is specific, clear, and convincing.

A claimant's daily activities may support an adverse credibility finding if (1)

the claimant's activities contradict his other testimony, or (2) "the claimant is able

to spend a substantial part of his day engaged in pursuits involving performance of

physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d

625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

"The ALJ must make 'specific findings relating to [the daily] activities' and their

transferability to conclude that a claimant's daily activities warrant an adverse

credibility determination." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th

Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for

benefits. *Fair*, 885 F.2d at 603.

Plaintiff failed to challenge this reason in his briefing. ECF No. 11 at 10-13. Therefore, the Court will not consider a challenge to the issue. *See Carmickle*, 533 F.3d at 1161 n.2.

### 3. Substance Abuse Disorder

The ALJ's third reason for rejecting Plaintiff's symptom statements, that he had a history of substance use disorder, is not specific, clear and convincing.

The ALJ's role is not to assess the claimant's overall character or truthfulness, but is instead tasked with "consider[ing] medical and other evidence to evaluate the intensity and persistence of symptoms to determine how the individual's symptoms limit capacity for work." S.S.R. 16-3p. Therefore, the mere fact that a claimant has a substance abuse disorder is not sufficient to reject the credibility of his statements. Instead, the ALJ must address how the substance abuse disorder pertains to the intensity and persistence of his alleged symptoms.

In this case, the ALJ stated that Plaintiff had a substance addition disorder, did not clearly address any of Plaintiff's symptom statements, and concluded by stating, "It is further noted that no provider appears to have addressed interaction of marijuana with other medication or its role in his depression. Long-term, effects of substance addiction have reasonably exacerbated the claimant's existing mental symptoms, lowering his maximum functional level as observed by his provers and evaluators." AR 675. The ALJ's discussion failed to address how Plaintiff's

substance addiction disorder rendered any of his symptom testimony unreliable. Therefore, it does not meet the specific clear and convincing standard.

In conclusion, the ALJ provided three reasons for rejecting Plaintiff's symptom statements and Plaintiff challenged two of those reasons. Because Plaintiff failed to address one of the reasons provided by the ALJ, the Court will not disturb the ALJ's credibility determination. *See Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (9th Cir. 2008).

## VIII. Conclusion and Order

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from harmful legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

*///*

1    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

2    forward copies to counsel, and **close the file**.

3        **DATED** this 8th day of November, 2019.

4                        *s/Robert H. Whaley*
                    ROBERT H. WHALEY
5              Senior United States District Judge